NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 06-CV-28-KKC

DOUGLAS M. FORBES                                                                           PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCY                                                        DEFENDANT

The plaintiff, Douglas M. Forbes, who lists his address as 808 Whispering Trail, Greenfield, Indiana, 46140, has filed this *pro se* civil rights proceeding. The plaintiffs alleges that his claims fall under the Fifth Amendment of the United States Constitution and §13 of the Bill of Rights of the Kentucky Constitution.[1]  Construed broadly, the plaintiff's claims would fall under 42 U.S.C. §1983.[2]  The plaintiff has paid the $350.00 filing fee.

NAMED DEFENDANTS

The named defendant is the Commonwealth of Kentucky.

ALLEGATIONS OF THE COMPLAINT

The plaintiff alleges that between 2001 and 2002, the Commonwealth of Kentucky effectively "took," and inversely condemned, real property he formerly owned for public use in

---

[1] The Kentucky Constitution, §13, states as follows:

No person shall, for the same offense, be twice put in jeopardy of his life or limb, nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him.

[2] To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

violation of the Fifth Amendment of the United States Constitution. He states that the real property, which he sold in June of 2005, was located at 1417 Goggin's Lane, Section I, Lot 4 of Hickory Hills Subdivision in Madison County, Kentucky. He claims the value of his property was diminished because of the development of a nearby subdivision.

He alleges that as a result of the development of the subdivision, the landscape was altered so as to cause severe flooding on his former property, causing him to sustain a significant monetary loss when he sold the property in 2005.[3] He states that he observed the flooding problems between January 1, 2001 and June 15, 2005. He further alleges that his real property was further damaged by reason of reduced light, air and view.

Plaintiff states that "flood plain maps provided by FEMA dated 1990 placed the property outside of any flood zone. This includes the lowest risk zone which is a 500 year flood zone. This period of observation was essential to determine the full extent of the taking, as was the sale of the property which fixed its market value." [Complaint, p. 2] The plaintiff further contends that " the constitutional provisions for compensation mentioned above make no provision for a statute of limitations with regard to compensation." [*Id.*]

### RELIEF REQUESTED

The plaintiff requests unspecified monetary damages.

### DISCUSSION
#### 1. Authority to Screen

The Court screens this non-prisoner, fee-paid complaint under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a

---

[3] He states that on one occasion, flood waters crested four feet above the floor of the lower level of his former house.

2

limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). For two reasons, the Court determines that the instant complaint must be dismissed.

### 2. Lack of Subject Matter Jurisdiction over State Law Claim

A taking is generally defined as the entering upon private property and devoting it to public use so as to deprive the owner of all beneficial enjoyment. Private property shall not be taken without just compensation. *See* 26 Am. Jur. 2d, Eminent Domain, §157. Ordinarily, under the law of eminent domain, the condemnor must seek condemnation and provide just compensation prior to a "taking."

However, where the "taking" has already occurred, a property owner can procure compensation through a civil action referred to as "inverse" or "reverse" condemnation. *See*, *e.g.*, *Commonwealth, Natural Resources and Environmental Protection Cabinet v. Stearns Coal and Lumber Co.*, Ky., 678 S.W.2d 378 (1984); *Jones v. Commonwealth, Transportation Cabinet*, Ky. App., 875 S.W.2d 892 (1993). Inverse condemnation is the term applied to a suit against a

government to recover the fair market value of property which has in effect been taken and appropriated by the activities of the government when no eminent domain proceedings have been used. *Stearns Coal and Lumber Co*., 678 S.W.2d at 381; *Lawson v. Central Associated Engineers*, 2003 WL 1860266, *2 (Ky. App., April 11, 2003) (Not Reported in S.W.3d) (Only the Westlaw citation is currently available).[4]

"The 'reverse [or inverse] condemnation' principle rests on the premise of the taking, destroying or injuring of property by the sovereign without any color of right or title to do so. *Commonwealth of Kentucky, Dep't of Highways v. Davidson, Ky*., 383 S.W.2d 346, 348 (1964)." *Hale v. Columbia Natural Resources, Inc*., 2003 WL 1240600, *4 (Ky. App. February 7, 2003) (Not Reported in S.W.3d) (Only the Westlaw citation is currently available).

Plaintiff Forbes does not allege whether he asserted any claims in the Madison Circuit Court with regard to his inverse condemnation claim. If he did not, he should have, as the claim is one which would have arisen under state law. The courts of Kentucky have long afforded a means of recovery for "reverse condemnation." *See Davidson, Ky*., 383 S.W.2d at 348; §§13 and 242 of the Kentucky Constitution; *Lehman v. Williams*, Ky., 193 S.W.2d 161, 162 (1946).

By filing a complaint in this Court, the plaintiff is improperly attempting to initiate a state law inverse condemnation claim against the Commonwealth of Kentucky in order to recover damages. The circuit court in which the real property was located (here, Madison Circuit Court) would have had jurisdiction over the plaintiff's reverse condemnation claim. *See Commonwealth of Kentucky, Dep't of Highways v. Gilles,* Ky., 516 S.W.2d 338, 339 (1974); *Commonwealth,*

---

[4] The difference is more technical than substantive because inverse condemnation is treated in the same fashion as regular condemnation by eminent domain. *Stearns Coal and Lumber*, *supra*; *Keck v. Hafley*, Ky., 237 S.W.2d 527 (1951).

*Department of Highways v. Robbins*, Ky., 421 S.W.2d 820 (1967).  This Court would not have subject matter jurisdiction over the plaintiff's reverse condemnation claim.

Subject matter jurisdiction is necessary for the exercise of federal judicial power.  *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D. N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)).  The plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

Either the Court,  *sua sponte*, or a  party may assert the lack of subject matter jurisdiction at any time during the course of an action.  Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992).  Once challenged, the burden of establishing a federal subject matter jurisdiction rests on the party asserting the jurisdiction.  *Thomason v. Gaskill*, 315 U.S. 442 (1942).

Absent any other basis for jurisdiction, federal courts do not have jurisdiction over actions regarding "duties that are analogous to those traditionally imposed by state tort law." *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)).  Without more, federal courts are not an avenue for redress of tort claims.  *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993).

This Court has no jurisdiction over state law claims.  *Long v. Bando Manufacturing of America*, 201 F.3d 754, 759 (6th Cir. 2000); *Baldridge v. Kentucky-Ohio Transportation, Inc.*, 983 F.2d 1341 (6th Cir. 1993) (this Court properly remanded a wrongful discharge action to state court). To the extent that the plaintiffs have asserted possible state law claims, they do not constitute "federal questions" invoking jurisdiction in this Court. In  *Mayers v. Sedgwick Claims Management Services, Inc.*, 101 Fed. Appx. 591, 2001 WL 34561629, 34561629, (6th Cir. (Tenn.) June 10, 2004)

5

(Not selected for publication in the Federal Reporter), the Sixth Circuit held that the district court, having found no basis for federal jurisdiction, properly declined to consider the plaintiff's state law claim which included breach of contract, gross negligence, fraud, and breaches of duty and due care.

The Court declines to exercise supplemental jurisdiction over the plaintiff's state law reverse condemnation claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966); *Weeks v. Portage County Executive Offices*, 235 F.3d 275, 279-80 (6th Cir.2000).

### 3. Eleventh Amendment Immunity

There is a second reason why the plaintiff's claims are precluded: Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." And "[e]ven though the Amendment 'by its terms . . . applies only to suits against a State by citizens of another State,' our cases have repeatedly held that this immunity also applies to unconsented suits brought by a States's own citizens." *Tennessee v. Lane*, 124 S. Ct. 1978, 1985 (2004) (quoting *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed.2d 252 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir.1993). Eleventh Amendment immunity is a jurisdictional bar and applies regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S. Ct. 900, 79 L. Ed.2d 67 (1984).

The Sixth Circuit has recently addressed the issue of Eleventh Amendment immunity in the

context of a reverse condemnation claim against the Commonwealth of Kentucky. The case originated in this court.[5] In *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526 (6th Cir. 2004), it affirmed this Court and held that the Eleventh Amendment barred a Fifth Amendment takings claim against the Commonwealth of Kentucky, stating as follows.

> "Treating DLX's claim as a self-executing reverse condemnation claim, however, we conclude that the Eleventh Amendment's grant of immunity protects Kentucky from that claim as well. The Supreme Court has explicitly stated that just compensation 'is, like ordinary money damages, a compensatory remedy ... [and therefore] legal relief,' and moreover, that a federal-court suit alleging a taking seeks 'not just compensation per se but rather damages for the unconstitutional denial of such compensation,' *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 710-11, 119 S. Ct. 1624, 143 L. Ed.2d 882 (1999); therefore, the *Ex Parte Young* exception is inapplicable."[6]

*DLX, Inc. v. Kentucky*, 381 F.3d at 526.

The Sixth Circuit, noting that the Fifth Amendment takings claim could have been asserted in *state* court, explained the preclusion of the plaintiff's Fifth Amendment taking claim (in federal court) as follows:

> Therefore, had DLX brought a federal claim with its state claim in state court, the Kentucky courts would have had to hear that federal claim, and likely could not have required exhaustion as a prerequisite to hearing the federal claim, *see Felder v. Casey*, 487 U.S. 131, 146-47, 108 S. Ct. 2302, 101 L. Ed.2d 123 (1988), but this court is powerless to hear it. *See John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*, 21 F.3d 667, 674 (5th Cir.1994) (Eleventh Amendment bars Fifth Amendment inverse condemnation claim brought in federal district court); *Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637 (11th Cir.1992) (same); *Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 618-20 (9th Cir.1992) (same); *Citadel Corp. v. Puerto Rico Highway Auth.*, 695 F.2d 31, 33 n. 4 (1st Cir.1982) (same); *Garrett v. Illinois*, 612 F.2d 1038, 1040-41 (7th Cir.1980) (takings claim filed in federal court against the state barred by Eleventh Amendment).

---

[5] *See DLX, Inc. V. Commonwealth of Kentucky*, Pikeville Civil Action No. 02-CV-164 (Hon. David L. Bunning, presiding).

[6] In *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), the Supreme Court fashioned an exception to Eleventh Amendment immunity. It allowed a claim seeking prospective equitable relief against a state official to proceed in federal court, in order to prevent future constitutional violations.

7

*DLX, Inc. v. Kentucky*, 381 F.3d 527- 528.

Here, the plaintiff seeks damages in federal court for the alleged reduction in the value of property which he sold in 2005. His claim for damages against the Commonwealth of Kentucky is precluded by reason of Eleventh Amendment immunity. Under *Apple v. Glenn*, the Court must dismiss the complaint as being devoid of merit.

## CONCLUSION

It is **ORDERED** as follows:

(1) The plaintiff's claims are **DISMISSED WITH PREJUDICE**.

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the defendant.

Dated this 25th day of May, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge